JOSEPH H. HARRINGTON
United States Attorney
Eastern District of Washington
Laurel J. Holland
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901
(509) 454-4425

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAN 17 2018

SEAN F. McAVOY, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ADRIAN ENOVEY DELACRUZ, <br><br> Defendant. | NO. **2:18-CR-11-EFS** <br><br> INDICTMENT <br><br> 18 U.S.C. § 2252A(a)(2) Receipt of Child Pornography <br><br> Notice of Criminal Forfeiture Allegations |

The Grand Jury charges that:

On or about May 18, 2012, through on or about May 17, 2014, in the Eastern District of Washington, the Defendant, ADRIAN ENOVEY DELACRUZ, did knowingly receive any child pornography, as defined in 18 U.S.C. § 2256(8)(A), that had been mailed, shipped and transported in interstate commerce by any means, including by computer, to wit: still image files depicting a minor child engaging in sexually explicit conduct including but not limited to the lascivious exhibition of the genitals and pubic area, in violation of 18 U.S.C. § 2252A(a)(2).

1

## NOTICE OF CRIMINAL FORFEITURE ALLEGATIONS

1. The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 2253.

2. Pursuant to 18 U.S.C. § 2253, upon conviction of an offense(s) in violation of 18 U.S.C. § 2251(a),(e) [52A(a) ~~], as alleged in this Indictment, Defendant, ADRIAN ENOVEY DELACRUZ, shall forfeit to the United States of America any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and, any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property. The property to be forfeited includes, but is not limited to: a MacBook Pro Laptop, Serial No.: W80481THATM; and, an iPhone, Serial No.: F17N2301FNJN.

3. If any of the property described above, as a result of any act or omission of the Defendant:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

DATED: January 17, 2018

A TRUE BILL

JOSEPH H. HARRINGTON
United States Attorney

Thomas J. Hanlon
Assistant United States Attorney

Laurel J. Holland
Assistant United States Attorney